UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE DANIELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Hon. Robert W. Gettleman |
| v. ) | Case No: 1:13-cv-06938 |
| ) | |
| SEMPRIS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

### SEMPRIS, LLC'S MEMORANDUM IN SUPPORT OF ITS
### MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

**Introduction**

This is Plaintiff Bonnie Daniell's third attempt to state valid claims against Defendant Sempris, LLC ("Sempris"), and it should be her last. Daniell originally filed this case in the Circuit Court of Cook County, alleging that she was charged fees without her consent in an *internet* transaction. Sempris moved to dismiss, showing that Daniell consented to paying the fees in a *telephone call* that was not even mentioned in the Complaint. Daniell amended the complaint, and Sempris moved to dismiss again. The Circuit Court of Cook County (Larsen, J.) granted Sempris's motion to dismiss Daniell's First Amended Complaint without prejudice, admonishing Daniell that her statutory and common law fraud claims were pled generically, not with the required specificity, and requiring Daniell to identify exactly what conduct by each Defendant she claims is fraudulent.

Daniell then filed her Second Amended Complaint ("SAC"), which Quality Resources, as a newly-added defendant, removed to this Court. The SAC is just as defective as Daniell's two prior tries. While the original complaints accused *Sempris* of making the allegedly wrongful telephone call, the SAC now admits for the first time that *Quality Resources*, not Sempris,

telephoned Daniell and marketed Sempris's Budget Savers membership program to Daniell, and that Quality Resources made the representations that are at issue in this case. Daniell has not alleged and cannot allege any well-pleaded fact showing that Sempris had any role in the telephone call or representations that serve as the foundation for this lawsuit. Daniell's SAC makes clear that she cannot plead claims against Sempris for primary liability. And Daniell does not even attempt to plead an agency relationship between Sempris and Quality Resources such that Sempris could be held vicariously liable for Quality Resources' conduct. Daniell's tagalong claim that Sempris breached a "hypothetical" contract is defective on its face because, ***as part of her claim***, she affirmatively pleads that the parties lacked mutual assent.

In Part I of our Motion, we describe the procedural history of this action and the relevant allegations of the SAC. In Part II, we set forth the legal standard under which the Court evaluate this Motion. In Part III, we show that the Court should dismiss Counts I (under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*, or "ICFA") and III (for common law fraud) because Daniell fails to allege that Sempris did anything deceptive or can be held liable for the conduct of Quality Resources, and also because there is no derivative liability under the ICFA. In Part IV, we demonstrate that the Court should dismiss Count V (for breach of a "hypothetical" contract) because Daniell fails to allege – indeed, expressly disclaims – the existence of a valid and enforceable agreement between Sempris and Daniell. In Part V, we show that the Court should dismiss Count VI (for unjust enrichment), because Daniell's predicate fraud claims fail.

I. **Procedural History & Factual Background**

On December 13, 2012, Daniell filed this putative class action lawsuit against Sempris in the Circuit Court of Cook County, claiming fraud during an online-only internet transaction. On

February 20, 2013, Sempris moved to dismiss, attaching a transcript of Daniell's telephone call with Defendant Quality Resources, showing that the transaction occurred by telephone, not over the internet, and that Daniell consented to enrollment in Budget Savers after disclosure of material terms. (Dkt. 1-3 at 56-59.) On April 3, 2013, after receiving Sempris' motion to dismiss that attached a transcript of a telephone sales call, Daniell filed the First Amended Complaint ("FAC") and switched her factual theory entirely. In the FAC, Daniell alleged that she "received a phone call from Sempris and/or one of Defendants' agents" during which she was offered membership in Sempris' Budget Savers program. (Dkt. 1-4 at 27 ¶¶ 41, 43.) On May 3, 2013, Sempris again moved to dismiss. (Dkt. 1-4 at 52-59; Dkt. 1-5 at 1-15.)

On August 7, 2013, the Honorable Diane Larson dismissed the FAC without prejudice. Judge Larson granted Daniell leave to re-plead, admonishing her to "delineate which defendant is taking which action" and "clarify exactly . . . what you find to be fraudulent." (Aug. 7 Hearing Tr. at 46:11-12, 48:12-14 (excerpts attached as Exhibit A).) At the hearing, Judge Larson also granted Daniell leave to add a new defendant, Quality Resources, but ordered her to "separate out the allegations and have a separate count on [Quality Resources]." (*Id.* at 49:23-50:1.)

On August 28, 2013, Daniell filed her Second Amended Complaint ("SAC"), adding Quality Resources as a defendant. Quality Resources removed the action to this Court on September 26, 2013. (Dkt. 1.)

The SAC seeks to state four claims against Sempris: Count I, for violation of the ICFA; Count III, for fraudulent inducement; Count V, for breach of contract; and Count VI, for unjust enrichment. In the SAC, Daniell alleges that she purchased a Super Wave Oven online from co-

3

defendant Emson on or around July 6, 2012.[1] (SAC ¶¶ 52-55.) Sempris does not sell or market the Super Wave Oven, and Daniell does not allege otherwise. Co-defendant Quality Resources, a marketing company, is authorized by Emson to offer for sale to Emson customers various products and services, including but not limited to Sempris products and services. (*Id*. ¶¶ 3-4.) Pursuant to this arrangement, a live customer service representative employed by Quality Resources contacted Daniell by telephone, and offered Daniell membership in Sempris' Budget Savers program. (*Id*. ¶¶ 59, 64-66.)

Daniell alleges that the Quality Resources representative "launched into the first of several marketing pitches," and during the course of his "several marketing pitches," explained that Sempris's Budget Savers membership program "is going to save you money at thousands of stores, restaurants, even on the groceries." (*Id*. ¶¶ 60, 64.) Daniell alleges that the Quality Resources representative explained that Budget Savers would charge a $1 introductory fee, followed by a monthly charge of $29.95 "unless you do call to cancel" within the first fourteen days of membership. (*Id*. ¶¶65-66.) Daniell acknowledges that she agreed to enroll in Budget Savers by saying "okay" and providing her billing information to the Quality Resources representative. (*Id. ¶* 69.)

Daniell does not allege that Sempris made any representations to her, fraudulent or otherwise, prior to her agreement to enroll in Budget Savers. Daniell does not allege any well-pleaded facts that Sempris participated in the telephone call or had any role in the telephone call to Daniell. Daniell does not allege that she had any interaction at all with Sempris until she called to cancel her membership in "late September." (*Id*. ¶ 83.) In fact, Daniell does not allege

---

[1] Sempris sets out the allegations in the SAC here for the Court's convenience, and expressly reserves and does not waive Sempris' right to contest them.

4

that Sempris made any representations to her about Budget Savers until she allegedly received her membership information in the mail on September 24, 2012, after she had already cancelled her Budget Savers membership "a few days" earlier. (*Id*. ¶¶ 85-86.)

Daniell admits that Sempris charged Daniell the precise amounts that she agreed to, *i.e.*, "Plaintiff was charged $1.00 [introductory fee] and then $29.95 for the Sempris Budget Savers membership Program." (*Id*. ¶ 83.) Daniell also admits that she received her membership materials in the mail. (*Id*. ¶ 85.) Daniell further admits that she called customer service to cancel, and that her membership was in fact cancelled. (*Id*. ¶ 83.) Daniell does not allege that she was charged for Budget Savers at any time subsequent to the cancellation of her membership.

## ARGUMENT

### II. Legal Standard.

Under Rule 12(b)(6), courts dismiss complaints that fail to allege well-pleaded facts showing that claims are "plausible" on their face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Daniell may not offer mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action," *id*. at 555; she must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 9(b) requires Daniell to plead her fraud claims with particularity, *i.e.*, "the 'who, what, when, where, and how' of the fraud." *Pirelli Armstrong Tire Corp. Retiree Medic. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011).

### III. The Court Should Dismiss Daniell's Fraud Claims (Counts I and III).

Daniell's ICFA and common law fraud claims should be dismissed because Daniell's SAC offers nothing but labels and conclusions, failing to allege any well-pleaded facts showing conduct by Sempris that would give rise to primary liability under the ICFA or the common law.

5

Daniell also fails to allege an agency relationship between Sempris and Quality Resources (nor is there one); thus, Sempris cannot be held liable for Quality Resources' alleged conduct. Because Daniell fails to allege any active and direct participation by Sempris in Quality Resources' alleged conduct, Daniell's ICFA claim also should be dismissed on the ground that there is no derivative liability available under the ICFA.

### A. Daniell Cannot State A Fraud Claim Against Sempris Because She Alleges No Deceptive Conduct By Sempris And Does Not Plead An Agency Relationship.

Daniell's fraud claims against Sempris are predicated entirely on the alleged conduct of Quality Resources – Daniell does not allege that Sempris engaged in any deceptive acts or practices or made any false representations. Nevertheless, Daniell fails to allege facts showing that Quality Resources acted as Sempris's agent in making the alleged representations – indeed, Daniell does not even allege in conclusory fashion that Quality Resources was Sempris's agent.

#### 1. Daniell's Statutory and Common Law Fraud Claims (Counts I and III) Fail Because Daniell Does Not Plead An Agency Relationship.

To state an ICFA claim (Count I), Daniell must allege facts showing: (1) a deceptive act or practice; (2) intent that plaintiff rely on the deception; (3) occurrence of the deception in the course of conduct involving trade or commerce; and (4) actual damage; that was (5) proximately caused by the deception. *Avery v. State Farm Mut. Ins. Co.*, 835 N.E.2d 801, 850 (Ill. 2005). Similarly, to state a claim for common law fraud, Daniell must allege facts showing: "(1) a false statement of material fact, (2) known or believed to be false by the party making it, (3) intent to induce the other party to act, (4) action by the other party in reliance on the truth of the statement, and (5) damage to the other party resulting from such reliance." *Ellis v. Allstate Ins. Co.*, 479 F. Supp. 2d 782, 789 (N.D. Ill. 2006).

Daniell's fraud claims against Sempris are missing the first element of both statutory and common law fraud: a deceptive act or practice, or a false statement of material fact. Indeed,

6

Daniell does not allege any statements or conduct by Sempris that led to her enrollment in Budget Savers. Rather, Daniell alleges that:

- she received a telephone call from *Quality Resources (not Sempris)* (SAC ¶ 59);

- a *Quality Resources* representative "launched into . . . several marketing pitches," one of which involved a Sempris membership program (*id*. ¶ 64);

- the *Quality Resources* representative stated that Daniell "would receive '$120 in gasoline vouchers' simply for trying out the program" (*id*. ¶ 65);

- the *Quality Resources* representative "failed to clearly disclose the actions that Plaintiff would have to take to cancel the membership and avoid being charged" (*id*. ¶ 67); and

- the *Quality Resources* representative "concluded the Budget Savers pitch by stating 'so it's with your approval you'll be billed on the terms I just described, and I'll send those materials in the mail in writing for you and your family to enjoy'" (*id*. ¶ 68).

Daniell claims that she enrolled in Budget Savers "in reliance upon the telemarketer's misrepresentations about the nature and terms of the program (including that she would not be billed until the end of her introductory period, that cancellation materials would be included 'in the package' for her, and that she would receive 'those materials in the mail in writing.'") (*Id*. ¶ 69; *see also id*. ¶ 85 (referencing "the *telemarketer's* repeated promises that Plaintiff would receive the membership materials prior to the imposition of charges . . ." (emphasis supplied)).) Nowhere does Daniell allege that *Sempris* made any representations to her, or engaged in any conduct at all with respect to the marketing of Budget Savers.

Daniell does not allege that she ever interacted with Sempris until she called to cancel her Budget Savers membership several months after she enrolled. (*Id*. ¶¶ 83-84.) And while Daniell claims that Sempris "acted in a deceptive manner by . . . failing to provide the gift cards, vouchers, and/or rebates that were promised as incentives for consumers to try Sempris's Membership Programs" and by "failing to or serially delaying the mailing of written membership

materials to consumers enrolled in its Membership Programs," (*id*. ¶ 111), Daniell does not allege that *Sempris* promised any "gift cards, vouchers and/or rebates" to Daniell, or that *Sempris* promised to mail "written membership materials" to Daniell. Indeed, Daniell alleges that *Quality Resources* made both representations, and does not allege that Quality Resources was authorized to make such promises on Sempris's behalf (as explained further below). (*Id*. ¶¶ 65, 68.)[2] Without alleging any "deceptive act or practice" or "false statement of material fact" by Sempris, Daniell cannot state an ICFA or common law fraud claim against Sempris.

Daniell also cannot hold Sempris liable for Quality Resources' conduct, because Daniell fails to allege facts supporting a theory of vicarious liability – *i.e.*, an agency relationship between Sempris and Quality Resources. *Golden v. Barenborg*, 850 F. Supp. 716, 722 (N.D. Ill. 1994) ("Absent an agency relationship between [third-party actor] and appellees, there can be no vicarious liability imposed upon appellees" for fraud claims; "the only basis for imposing vicarious liability would be the agency relationship."). "A plaintiff who relies on agency theory to support a claim must plead facts in her complaint which, if proved, can establish the existence of an agency relationship." *Kowalke v. Bernard Chevrolet, Inc*., 99-7980, 2000 WL 656660, at *3 (N.D. Ill. Mar. 23, 2000); *accord Sefton v. Toyota Motor Sales U.S.A.*, 9-3787, 2010 WL 1506709, at *3 (N.D. Ill. Apr. 14, 2010) ("courts in this district held that pleading the existence of an agency relationship requires more than a general statement that such a relationship exists."). Nowhere in the SAC does Daniell allege – even in a conclusory manner – that Quality Resources acted as Sempris's agent when marketing Budget Savers to Daniell. That is fatal to her claims. *See id*.

---

[2] Regardless, "[i]n Illinois, a false representation as to a matter of intention or future conduct is not fraud." *Ellis*, 479 F. Supp. 2d at 790.

8

Moreover, "when the plaintiff relies upon the same circumstances to establish both the alleged fraud and the agency relationship of a defendant . . . Rule 9(b) appl[ies] with equal force to the issue of agency and to the underlying fraud claim." *Lachmund v. ADM Investor Servs., Inc.*, 191 F.3d 777, 783 (7th Cir. 1999). Assuming *arguendo* that Daniell had attempted to plead an agency relationship between Sempris and Quality Resources, her claims against Sempris rest entirely on conclusory allegations that Sempris "encourag[ed], contribut[ed] to, and help[ed] draft the deceptive representations and omissions made by Quality Resources," "grossly fail[ed] to adequately review Quality Resources's enrollment practices so as to ensure that consumers are not deceptively enrolled in Sempris Membership Programs," or failed to fulfill promises made by Quality Resources. (SAC ¶ 111.) However, Daniell does not allege any well-pleaded facts showing that these conclusory allegations are plausible. Because Daniell has not even pled an agency relationship under the standards of Federal Rule of Civil Procedure 8, her claims certainly do not satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9.

Because this is Daniell's third attempt to plead fraud claims against Sempris, it is clear that she cannot do so, and her fraud claims should be dismissed with prejudice. *See*, *e.g.*, *Copeling v. Illinois State Toll Highway Authority*, No. 12-10316, 2014 WL 540443, at *3 (N.D. Ill. Feb. 11, 2014) ("The dismissal is with prejudice because this is [plaintiff]'s third complaint in this case . . . ."); *Bank of Am., N.A. v. Knight*, 875 F. Supp. 2d 837, 854 (N.D. Ill. June 20, 2012) (Gettleman, J.) ("Because plaintiff has had three attempts to state a claim, the second amended complaint is dismissed with prejudice.").

### 2. Daniell's ICFA Claim (Count I) Also Fails Because She Alleges No Active And Direct Fraudulent Conduct By Sempris.

Daniell's ICFA claim (Count I) also should be dismissed for the additional reason that the ICFA "does not provide a cause of action against those who knowingly receive the benefits from the person committing a violation of the Act" without actively and directly participating in the alleged fraud. *Jackson v. South Holland Dodge, Inc.*, 755 N.E.2d 462, 471 (Ill. 2001); *accord Fleming-Dudley v. Legal Investigations, Inc.*, No. 05-4648, 2007 WL 952026, at *15-16 (N.D. Ill. Mar. 22, 2007) ("derivative liability is not allowed under the Illinois Consumer Fraud Act.").

In *Fleming-Dudley*, American Recovery hired Legal Investigations to repossess the plaintiffs' vehicle. *Id*. at *1. The plaintiffs brought claims against both entities, alleging, *inter alia*, violation of the ICFA based on misrepresentations made by Legal Investigations during the repossession. *Id*. at *2. The court dismissed the ICFA claim against American Recovery because the plaintiffs failed to allege that American Recovery committed "active and direct" fraud; rather, the complaint alleged only that American Recovery "benefitted from th[e] supposed fraud." *Id*. at *16. The court found that while the plaintiffs conclusorily alleged that American Recovery was "directly involved in the wrongful repossession," they did not "specifically plead . . . that American Recovery engaged in a deceptive act or practice with the intent that the plaintiff rely on the deception." *Id*. Rather, they alleged only that American Recovery "acted in reckless disregard of the rights of Plaintiffs and acted with willful and gross negligence ***during the process of hiring, supervising and instructing Legal Investigations***," which, the court held, could support only a claim for derivative liability. *Id*. (emphasis supplied).

Daniell's ICFA claim against Sempris is similarly flawed. Daniell alleges that "Sempris is aware of and facilitates Quality Resources's deceptive conduct," and "share[s] in the illicit profits made from charging the membership fees to unwitting consumers pursuant to agreements

or arrangements by and between some or all of them." (SAC ¶¶ 117-18.) However, Daniell's conclusory allegation that Sempris "encourag[ed], contribut[ed] to, and help[ed] draft the deceptive representations and omissions made by Quality Resources when marketing its Membership Programs," (SAC ¶ 111), is entirely unsupported by any well-pleaded facts, in contravention of Daniell's pleading obligations under Federal Rule 9(b). *Fleming-Dudley*, 2007 WL 952026, at *16. Indeed, as set forth in section III.A.1, *supra*, Daniell does not allege an agency relationship between Sempris and Quality Resources. Daniell's "alternative" allegation that Sempris "grossly fail[ed] to adequately review Quality Resources's enrollment practices," (SAC ¶ 111), also cannot support an ICFA claim, as such allegations could only support a derivative theory of liability, which is not cognizable under the ICFA. *Fleming-Dudley*, 2007 WL 952026, at *16. Daniell's remaining allegations in support of her ICFA claim involve Sempris's purported failure to deliver promised membership incentives and materials. Putting aside that "[i]n Illinois, a false representation as to a matter of intention or future conduct is not fraud," *Ellis*, 479 F. Supp. 2d at 790, these allegations are predicated on representations made by Quality Resources, not Sempris. Daniell's ICFA claim against Sempris (Count I) therefore should be dismissed with prejudice on this additional, independent ground.

## IV. The Court Should Dismiss Daniell's "Hypothetical" Breach of Contract Claim (Count V).

Daniell's claim against Sempris for breach of contract (Count V) also should be dismissed. To state a claim for breach of contract under Illinois law, Daniell must allege the following: "(1) the existence of a valid and enforceable contract containing both definite and certain terms; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) resultant injury to the plaintiff . . . ." *WCC Funding Ltd. v. Gan Int'l*, No. 93-969, 1994 WL 603084, at *1 (N.D. Ill. Oct. 31, 1994). Moreover, "[t]he 'condition precedent' to the formation

11

or existence of a contract is . . . the mutual assent or agreement of the parties." *Alyasmen Group, LLC v. MS Rialto Raintree Village IL, LLC*, No. 1–10–2875, 2011 WL 9534616, at *6 (Ill. App. Ct. Sept. 23, 2011) (quotation omitted); *accord Zadrozny v. City Colleges of Chicago*, 581 N.E.2d 44, 47 (Ill. App. Ct. 1991) ("An essential element for the formation of a contract is . . . mutual assent by the parties to be bound . . . ."). That is, "[i]f no mutual agreement is reached, there is no contract." *Alyasmen*, 2011 WL 9534616, at *6.

In the SAC, Daniell expressly pleads that the alleged contract at issue – on which she founds her entire breach of contract claim – not only ***did not*** involve mutual assent (*i.e.*, the condition precedent to contract formation), but instead was purely "hypothetical." Specifically, she alleges that "in ***the hypothetical event*** that Defendants can show that Plaintiff and the Class entered into enforceable contracts ***despite Plaintiff and the Class's lack of assent*** to the actual terms of enrollment, any such agreement required Defendants to timely send written membership materials to Plaintiff and Class members containing information needed to access membership benefits and to cancel their respective enrollments." (SAC ¶ 155 (emphasis supplied); *see also id*. ¶ 80 ("Plaintiff did not reasonably understand that she was 'consenting' to be charged . . . .").)

Daniell's allegation of a "hypothetical" contract cannot stand. Daniell does not even allege the existence of a valid and enforceable contract with Sempris – in fact, Daniell ***expressly denies*** that such an agreement exists. (SAC ¶ 155.) That is fatal to Daniell's contract claim. *See Flynn v. Levy*, 832 F. Supp. 2d 951, 954 n.3 (N.D. Ill. 2011) ("Nor have Plaintiffs pled the elements of a breach of contract claim where they do not allege an enforceable contract . . . ."). Daniell also has full knowledge of the relevant facts, given that she was a party to the "hypothetical" contract. Nevertheless, Daniell fails to allege the "definite and certain terms" of

the "hypothetical" contract that Sempris supposedly breached. The Court should dismiss Daniell's breach of contract claim (Count V) with prejudice.

V.      **The Court Should Dismiss Daniell's Unjust Enrichment Claim (Count VI).**

Daniell's unjust enrichment claim against Sempris fails for two separate and independent reasons. *First*, Daniell cannot obtain relief for unjust enrichment because no underlying "wrong" exists here. "A claim of unjust enrichment is not a separate cause of action that, standing alone, will justify an action for recovery." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (internal quotations omitted) (quoting *Martis v. Grinnell Mut. Reins. Co.*, 905 N.E.2d 920, 928 (Ill. App. Ct. 2009)). Thus, a claim for unjust enrichment must be based upon an underlying claim of "unlawful or improper conduct as defined by law, such as fraud . . ." *Martis*, 950 N.E.2d at 928. "When an underlying claim . . . is deficient, a claim for unjust enrichment should also be dismissed." *Id*. For example, in both *Siegel* and *Martis*, the court dismissed an unjust enrichment claim upon finding that the plaintiff's underlying ICFA claim was invalid. *Siegel*, 612 F.3d at 937; *Martis*, 950 N.E.2d at 928. Daniell's unjust enrichment claim also should be dismissed because her underlying ICFA and common law fraud claims are invalid for the reasons described in section III, *supra*.

*Second*, Daniell's agreement to the fees she incurred defeats her claim. "To state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Kovilic v. City of Chicago*, 813 N.E.2d 1046, 1054 (Ill. App. Ct. 2004). "A person is not entitled to compensation on the grounds of unjust enrichment if he receives from the other that which it was agreed between them the other should give in return." *La Throp v. Bell Federal Sav. & Loan Ass'n*, 370 N.E.2d 188, 195 (Ill. 1977*)*. As demonstrated by the SAC, Daniell admits that she

agreed to enroll in Budget Savers, and authorized Sempris to charge her credit card. (SAC ¶¶ 69, 80.) Because it is undisputed that Daniell consented to enroll in Budget Savers, she cannot state an unjust enrichment claim, and Count VI should be dismissed with prejudice.

## CONCLUSION

For all of the reasons stated in Sempris' Motion to Dismiss and Memorandum, Sempris respectfully requests that the Court dismiss Daniell's claims against Sempris with prejudice.

Dated: March 27, 2014

Respectfully submitted,

Sempris, LLC

By: /s/ Matthew R. Devine
　　One of Defendant Sempris' Attorneys

JENNER & BLOCK LLP

Craig C. Martin
David Jiménez-Ekman
Matthew R. Devine
Brienne M. Letourneau
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 840-7776

*Attorneys for Sempris, LLC*

**CERTIFICATE OF SERVICE**

I certify that on March 27, 2014, I filed the foregoing **Sempris, LLC's Memorandum In Support Of Its Motion To Dismiss The Second Amended Complaint**, and caused a true and correct copy of the foregoing to be served upon all CM/ECF registrants of record in this action using the CM/ECF system.

\s\ Matthew R. Devine
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654-3456