IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BONNIE DANIELL, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SEMPRIS, LLC, a Delaware limited liability company, E. MISHAN & SONS, INC., a New York corporation d/b/a EMSON, INC., and QUALITY RESOURCES, INC., a Florida corporation, )<br>)<br>Defendants. ) | No. 13 C 6938<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bonnie Daniell filed a Second Amended Complaint (the "complaint"), individually and on behalf of a purported class, against defendants Sempris, LLC ("Sempris"), E. Mishan & Sons, Inc. ("Emson"), and Quality Resources, Inc. ("Quality Resources") in the Circuit Court of Cook County. Quality Resources timely removed the action to this court pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1441 and 1453. Sempris has moved to dismiss the counts against it for failure to state a claim pursuant to Fed. R. Civ. P 12(b)(6), including: Count I, which alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 et seq.; Count III, which alleges fraudulent inducement; Count V, which alleges breach of contract; and Count VI, which alleges unjust enrichment. For the reasons described below, Sempris's motion is denied.

# BACKGROUND[1]

Plaintiff alleges that Sempris, Emson, and Quality Resources work together and use deceptive marketing and sales practices to defraud customers by enrolling them in valueless "Membership Programs." Plaintiff describes the details of the general scheme as follows: first, individuals make valid purchases on one of Emson's websites for a product. Emson then transfers the customer's billing and contact information to a business partner and third party telemarketer, in this case Quality Resources. The telemarketing firm then contacts the individual, purporting to verify the details of the completed order and using language to suggest that the call is related to the completed purchase. During the phone call, the telemarketer pitches the individual various Membership Programs that are offered by Sempris. The operators make misleading representations about the program terms and offer low-cost introductory offers or incentive "gifts" to encourage the individual to enroll in the program. Critically, individuals are told that they will have the opportunity to review all the details of the offer in writing prior to being charged the monthly fee for the Membership Program. Once the individual agrees to enroll, the entity that administers the Membership Program (in this case, Sempris) then delays in sending the promised enrollment materials and any of the promised incentive gifts, and individuals are charged the monthly fee for a period of time. Once the individual becomes aware of the monthly charges and cancels, Sempris refuses to refund any fees collected. Plaintiff alleges that the telemarketer receives a commission for each Sempris membership purchased through this scheme, and that Emson also profits from the arrangement.

---

[1] The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

In the instant case, plaintiff alleges that on or about July 1, 2012, she purchased a "Super Wave Oven" on Emson's website (www.sharperimageoven.com). Plaintiff entered her billing and contact information on the website purchase page and was unaware of any term of the purchase agreement that authorized Emson to share those details. A few days later, plaintiff received a phone call from a Quality Resources operator and was told the call concerned her purchase of the Super Wave Oven. The operator stated that the call was to verify that order and would be recorded for "consumer protection" and "quality assurance" purposes. The operator reviewed the details of plaintiff's order, and then attempted to market various programs, including Sempris' "Budget Savers" program. The operator stated that plaintiff would receive "$120 in gasoline vouchers" for trying out the program, and then explained that plaintiff would be billed $1 for the introductory trial period of 14 days, with the membership fee of $29.95 billed monthly at the conclusion of that period. The operator then said "so it's with your approval you'll be billed on the terms I just described, and I'll send those materials in the mail in writing for you and your family to enjoy . . . All right?" Plaintiff replied "okay" and the operator continued to pitch more programs.

At various times in the call, plaintiff expressed confusion about the programs. During a subsequent pitch on the same call, plaintiff asked, "you're signing me up for all this shit? Do I have to?" The operator replied: "Everything does come out to you in the mail in writing. It does sound a little bit overwhelming. Remember, everything does come out to you in the mail in writing. And that 30-day trial period, Bonnie, doesn't start until you receive that package in the mail. So you have that 30 days to use your benefits for the dollar."

3

In the month following the phone call, plaintiff did not receive any written materials in the mail regarding Budget Savers or the promised gift cards. Plaintiff was charged the initial $1 fee, as well as the $29.95 membership fee in July, August, and September. In late September, plaintiff noticed the charges on her credit card, called to cancel the program and asked for a refund of the previous charges, stating that she did not understand what the charges were for. A few days after plaintiff cancelled her membership, she received in the mail information from Budget Savers regarding her membership. A few days after she received the initial mail from Budget Savers, plaintiff received a letter from Sempris verifying the cancellation of her membership and denying her request for a refund.

## **DISCUSSION**

Sempris has moved to dismiss Counts I, III, V, and VI of the complaint for failure to state a claim upon which relief may be granted. In evaluating a motion to dismiss, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). A motion to dismiss for failure to state a claim tests the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive such a motion, the complaint must allege sufficient facts that, if true, would raise a right to relief above the speculative level, showing that the claim is plausible on its face. Twombly, 550 U.S. at 555. To be plausible on its face, the complaint must plead facts sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

4

Counts I and III contain allegations of fraud, and are therefore also subject to the special pleading requirements of Fed. R. Civ. P. 9(b), which states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

## I. Counts I and III: ICFA and Common Law Fraud

To allege an ICFA claim, plaintiff must state facts to demonstrate: "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill.2d 100, 296 Ill.Dec. 448, 835 N.E.2d 801, 856 (2005). To state a claim for common law fraud, plaintiff must allege facts to demonstrate: "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." Connick v. Suzuki Motor Co., 174 Ill.2d 482, 221 Ill.Dec. 389, 675 N.E.2d 584, 591 (Ill.1996).

Sempris argues that plaintiff has failed to allege the first element of both claims: a deceptive act or practice, or a false statement of material fact. According to Sempris, plaintiff has not alleged any direct action taken by Sempris or any representations made by Sempris that was fraudulent. Instead, Sempris notes, the alleged misrepresentations plaintiff cites all were made by representatives of Quality Resources, and plaintiff has not alleged an agency relationship between the parties. As a result, Sempris argues that the fraud counts, Counts I and III, should be dismissed.

5

The representations alleged in the complaint were all made to plaintiff by Quality Resources. However, plaintiff has alleged that the three defendants work in concert and have a contractual relationship to share profits. Further, plaintiff alleges that Sempris actively participated in drafting the script given to Quality Resources operators that contained the relevant misrepresentations, and that Sempris reviews phone calls made by operators to consumers. Although Sempris is correct that it may not be held liable for merely receiving the benefit of another's fraudulent conduct, the Illinois Supreme Court has held that parties like Sempris may be held liable for "directly violat[ing] the Act by reviewing, revising, and approving [another defendant's] deceptive solicitations and recorded messages." Grant-Hall v. Cavalry Portfolio Servs., LLC, 856 F. Supp. 2d 929, 943 (N.D. Ill. 2012) (citing Zekman v. Direct Am. Marketers, Inc., 182 Ill.2d 359, 231 Ill.Dec. 80, 695 N.E.2d 853, 859-61 (1998)). The Illinois Supreme Court has also held that an assignee can be held liable under the ICFA "for 'active and direct' fraud—if, for example, the assignee had concocted a scheme with the assignor to make the misleading disclosures." Id. (citing Jackson v. S. Holland Dodge, Inc., 197 Ill.2d 39, 258 Ill.Dec. 79, 755 N.E.2d 462, 470-71 (2001)). Although Grant-Hall explains that these cases may "foreclose derivative and vicarious liability under the ICFA where there is an arms-length, non-agency contractual relationship between the defendant and the primary wrongdoer," this is not a case where the plaintiff has alleged an arms-length transaction. Rather, plaintiff has alleged that Sempris knowingly participated in the fraud by aiding Quality Resources in developing its misrepresentations and partnering with the other defendants to market its deceptively described memberships. Despite Sempris's argument that these allegations are conclusory, the court finds that plaintiff has alleged well-pleaded facts to support allegations of

participation in the fraud under Rule 9(b). At this stage of the proceedings, plaintiff has adequately stated ICFA and common law fraud claims.

## II. Count V: Breach of Contract

Count V of the complaint alleges that, if a valid contract existed, Sempris breached that contract by failing to provide plaintiff with the promised membership materials and information on how to cancel her membership. Sempris argues that, because plaintiff has pled a "hypothetical" contract, Count V should be dismissed because she has therefore failed to plead an essential element of a breach of contract claim.

Plaintiff argues that this count is pled in the alternative, pursuant to Fed. R. Civ. P. 8(d)(2), which allows a party to "set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Plaintiff anticipates that Sempris will argue that a valid and enforceable contract was made and precludes her from arguing any fraud. She phrases this count as "hypothetical" because plaintiff argues that she did not assent to the actual terms of the enrollment. In the event the court agrees with Sempris, plaintiff seeks to pursue a theory of breach of contract for failure to comply with the material terms of the agreement.

Sempris asserts that plaintiff cannot allege two distinct sets of facts under Rule 8, and therefore cannot plead this alternative claim properly. However, plaintiff does not plead two separate sets of facts; she alleges that she did say "okay" in response to the operator's question, but advances the legal argument that her agreement was not a valid assent because it was procured through fraud. Plaintiff's alternative legal theories are both based on that same set of facts and are not improper.

Because plaintiff has pled sufficient facts to support a claim for breach of contract and there is no impropriety in alleging an alternative contract, the court denies Sempris's motion to dismiss Count V.

### III. Count VI: Unjust Enrichment

Under Illinois law, "[t]o state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc., 131 Ill.2d 145, 137 Ill.Dec. 19, 545 N.E.2d 672, 679 (1989). Sempris argues that Count VI of the complaint should be dismissed because plaintiff has not adequately pled an underlying wrong, and because plaintiff's assent to the fees and retention of the promised services defeats her claim.

As to the first argument, the court has already held that plaintiff has adequately pled her fraud claims, and therefore has adequately pled an underlying wrong upon which to base her unjust enrichment claim. Sempris's second argument is also flawed because, as discussed above, plaintiff argues that there was not a valid assent to the terms of the contract. Count VI is pled in the alternative to Count V, and its viability is contingent on whether or not the parties entered into a valid contract. Plaintiff has adequately pled facts sufficient to support a claim for unjust enrichment.

### **CONCLUSION**

For the reasons described above, the court denies Sempris's motion to dismiss. Sempris is ordered to answer the complaint on or before June 23, 2014.

**ENTER:** May 27, 2014

_____
**Robert W. Gettleman
United States District Judge**