## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BONNIE DANIELL, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | |
| | Case No. 1:13-cv-06938 |
| *v.* | |
| SEMPRIS, LLC, a Delaware limited liability company, E. MISHAN & SONS, INC., a New York corporation d/b/a EMSON, INC., and QUALITY RESOURCES, INC., a Florida corporation, | Hon. Robert W. Gettleman |
| | Magistrate Judge Maria Valdez |
| *Defendants*. | |

## <u>STIPULATED PROTECTIVE ORDER</u>

Plaintiff Bonnie Daniell and Defendants Sempris, LLC, E. Mishan & Sons, Inc. d/b/a Emson, Inc., and Quality Resources, by their undersigned counsel, believe that good cause requires the entry of this Protective Order pursuant to Federal Rule of Civil Procedure 26.

This action involves claims by Plaintiff that she and similarly situated others were enrolled in Sempris's fee-based membership rewards program without their consent or appropriate disclosure of the program's terms and conditions. Defendants deny the allegations, stating that Plaintiff knowingly enrolled in the program after disclosure of its terms and conditions. Defendants also deny that Plaintiff can satisfy the requirements for class certification.

The parties anticipate that discovery served upon Defendants in this action will call for production of documents and information that Defendants consider confidential, proprietary, or trade secret business information, including (a) proprietary marketing materials, (b) confidential sales and membership figures, (c) private third-party and consumer information, (d) information protected by confidentiality agreements with third parties, and (e) other nonpublic, sensitive

information. Defendants believe that the public disclosure of such information would prejudice their competitive position in the marketplace and also implicate privacy interests and laws. Defendants anticipate serving discovery that will request certain personal financial information from Plaintiff(s) that should be kept confidential in order to protect privacy.

The Parties, therefore STIPULATE AND AGREE to entry of the following Protective Order and to abide by its terms:

1.     This Order shall be applicable to and govern without limitation all information, things, documents (or portions thereof), videotapes, audiotapes, computer code and data, answers to interrogatories, responses to requests for admissions, other responses to discovery requests or subpoenas, depositions, transcripts of depositions, pleadings, motions, briefs, portions of briefs, memoranda or writings filed with or otherwise supplied to the Court, pretrial orders, stipulations, exhibits, and all other discovery taken, including testimony adduced at trial, matters in evidence before the Court, and any other information that either party or any third party (herein referred to as the "Designating Party") disclosing the information to another party (herein referred to as the "Receiving Party") designates as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or similar designation.

2.     As used in this Stipulated Protective Order (this "Order"), the following terms shall have the meanings as defined herein.

a.     The term "this Action" shall mean and refer to the matter styled, *Daniell v. Sempris, LLC, et al.*, United States District Court for the Northern District of Illinois, Case No. 1:13-cv-06938.

b.     The term "Designating Party" shall mean a party to this Action, or a non-party that produces information and/or documentation, including, but not limited to,

responses to interrogatories, responses to requests for production, responses to requests for admission, experts' statements, documents, deposition testimony, and responses to subpoena in this Action. The term "Receiving Party" shall mean the recipient of any such information and/or documentation.

c. The term "PROTECTED INFORMATION" shall mean information as described in paragraph 1 above that is designated by a Designating Party as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY.

d. The term "CONFIDENTIAL" shall refer to and include information that the Designating Party in good faith believes is subject to protection under Fed. R. Civ. P. 26(c) as containing a trade secret or other proprietary or confidential business, customer, technical, commercial or financial information as used by the Designating Party in, or pertaining to, its business, which material the Designating Party asserts is not generally known and/or which the party would normally not reveal to third parties or would cause third parties to maintain in confidence.

e. The term "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall refer to and include CONFIDENTIAL information deemed by any Designating Party to constitute particularly sensitive trade secrets; including without limitation information that the Designating Party deems as sensitive financial information regarding customers, accounts, sales, costs, margins, and volumes, and other similarly sensitive information that the Designating Party has a reasonable basis to assert constitutes particularly sensitive information.

3.     This Order shall apply to all information produced by the parties to this action during the course of discovery in this litigation, including document productions, interrogatory answers, responses to requests for admissions, depositions, and discovery materials otherwise produced or provided to the parties by non-parties pursuant to judicial procedures (collectively defined as "Litigation Materials"). All Litigation Materials produced in the course of the Litigation shall be used solely for the purposes of preparing for and conducting the Litigation and for no other purpose whatsoever. No Litigation Materials, whether or not designated as confidential by the terms of this Order, may be used or disseminated to any person or entity other than the attorneys of record, the parties to the Litigation, expert witnesses, or the Court, as provided for in this Protective Order.

4.     PROTECTED INFORMATION shall be designated and marked as follows:

a.     *Documents and things*:  Except as otherwise provided herein, all documents and things produced in this litigation may be designated as PROTECTED INFORMATION within ten (10) days of its production by placing the following legend, or an equivalent thereof, on any such document or thing prior to production, service, or filing: "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." Where feasible, such legend shall be placed upon each page or thing containing PROTECTED INFORMATION.

b.     *Magnetic/Optical Media Documents*:  Where PROTECTED INFORMATION is produced in a machine-readable format or on magnetic or optical media (such as floppy diskette, tape, hard drive, DVD, CD-ROM, or digital memory), the disk, cartridge, reel, or medium container shall be marked with the appropriate confidentiality notice as described in ¶ 4(a) above. To the extent any native-

format information or data contained in or on such media is printed by the Receiving Party, all such printouts shall be marked as described in ¶ 4(a) above by the Receiving Party and shall be maintained as provided in paragraph 10 below; where the files on the disk are of non-native format (i.e., a .pdf or .tiff file of a document), the Designating Party should mark each page as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY.

c.  *Deposition Proceedings*:  Except as otherwise provided herein, designations of portions, or the entirety, of deposition transcripts (including exhibits) as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY shall be made by a statement to such effect on the record in the course of the deposition, or upon review of such transcript by counsel for the Designating Party within twenty (20) business days after counsel's receipt of the transcript. Upon designation of the transcript on the record during the deposition, that portion of the deposition shall continue only if all persons present are allowed to have access to said CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY information under the terms of this Order. The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been stated to contain CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY information and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent as required by law, to the Court, and to counsel for the parties bound by the terms of this Order. The parties may designate the entirety of depositions as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY pending

designations and, in the event that depositions are so designated, the Designating Party shall identify the specific page and line designations within ten (10) business days.

5.      Materials designated by a Designating Party as CONFIDENTIAL may be disclosed by the Receiving Party only to the categories of persons identified in 10(a) through (f) below who are acting for or on behalf of a Receiving Party and may only be reviewed and used in connection with this litigation or as otherwise modified by written agreement of the parties as set forth in paragraph 14 below, including, without limitation, any Cross-Use Agreement or other similarly titled document. Materials designated CONFIDENTIAL—ATTORNEYS' EYES ONLY may be disclosed only to the persons described in paragraphs 10(a), (c)-(e) and only as permitted therein. Nothing herein shall prevent the Designating Party from using or disclosing materials it designates as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY, including but not limited to, providing such materials to counsel for the Designating Party in this case or in any other litigation. Only Litigation Materials that a party believes in good faith constitute or contain nonpublic, confidential information or proprietary information that is not generally available to or accessible by the general public may be designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

6.      Documents that are produced for inspection shall be treated as "CONFIDENTIAL" pursuant to this Order, whether or not marked, until copies (if any) of the documents are requested and produced. Produced documents and information therein shall be held pursuant to this Order based upon the designation, if any, marked upon the documents by the Designating Party, once copied.

7.      Information conveyed or discussed in testimony at a deposition or hearing shall be subject to this Order provided it is designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" orally or in writing either (i) at the time such testimony is given or (ii) within 20 days of receipt by the parties of the transcript of such testimony. Counsel for the parties may, if desired, agree on the record during testimony that the entire deposition transcript, and the information contained therein, is to be initially treated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" for a period of time not to exceed 20 days after the testifying party receives a copy of the deposition transcript, during which time the testifying party may designate, in writing, specific portions of the transcript "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" as appropriate.

8.      Subject to the provisions above, the failure to designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" in accordance with this Order, and/or the failure to object to such a designation shall not preclude a party at a later time from subsequently designating or objecting to designation of such Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time thereafter.

9.      If any party objects to the designation of any Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," that party shall state the objection in a letter to counsel for the party making the designation. If the dispute cannot be resolved by agreement, the objecting parties shall have the right, upon five (5) days notice to the Designating Party, to apply to the Court to have the materials designated as non-confidential. Until the Court rules on the motion, the information at issue shall continue to be

treated as designated. This Order shall also be without prejudice to the right of a party or non-party to apply to the Court for relief from any of the requirements hereof, for good cause.

10. Each Receiving Party shall maintain any received materials designated PROTECTED INFORMATION under the terms of this Order, in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such information. Other than by the Designating Party, any information or document designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be used solely in connection with this Action and shall not be disclosed to anyone other than:

    a.   the Court, and Court personnel;

    b.   the parties to this Action and clerical employees or agents thereof, provided that

        i.   such disclosure is needed to assist in the prosecution or defense of this Action; and

       ii.   such information is maintained in separate and identifiable files, access to which is restricted to the foregoing persons and their clerical personnel;

    c.   counsel for the parties (including but not limited to counsel of record, and in-house counsel of the parties) and their employees;

    d.   testifying experts, investigators, consulting experts and advisors provided, however, that before such person is shown or receives any information or document designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" he or she must execute a Declaration in the

form of Exhibit A, attached hereto, and the procedures of Paragraph 11 must be followed;

e.  persons testifying in depositions or court proceedings to the extent the "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" document or information was authored by or addressed to the person testifying or such person is knowledgeable of such information or contents of the document prior to the testimony; and such other persons as the parties may designate in writing by stipulation or orally agree upon the record at a deposition or hearing in this Action, provided, however, that unless the person otherwise qualifies for access to such information or documents pursuant to this order, before any such persons are shown or receive any information or document designated as "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEYS' EYES ONLY" they must (1) execute a Declaration in the form of Exhibit A attached hereto or (2) agree orally on the record at a deposition in this Action to be bound by the terms of this Order, and further provided that any documents designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall not be left in the possession of such a deponent, unless the deponent qualifies for access to such documents pursuant to this Order.

f.  Any other persons approved by the Court upon Motion, or by agreement in writing by the parties or orally on the record during a deposition, setting forth good cause for sharing the information or document designated as "CONFIDENTIAL".

11.     The attorneys of record for each of the parties shall retain the original, executed Declarations (in the form of Exhibit A hereto) which have been executed by that party and/or its employees and that party's witnesses, court reporters, testifying experts, investigators, consultants and advisors.

12.     Motion papers or other Court filings, including exhibits, that disclose protected material shall be the subject of an application to file the protected material under seal pursuant to Local Rules 5.8 and 26.2 as well as any other applicable rule or law. No filing under seal, or any other designation as a restricted document, is to be permitted without previously-obtained court approval. Whenever the Court grants leave to any party to file any document designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" under seal, such document or pleading shall display a bold heading on its first page in substantially the following form: "FILED UNDER SEAL PURSUANT TO COURT ORDER."

13.     The Parties may obtain the return of any previously-sealed or previously-restricted documents which have been filed with the Court by filing a motion within sixty (60) days after the case is closed in the District Court. Any documents that are not so withdrawn will become part of the public case file.

14.     Unless otherwise permitted herein or otherwise prohibited by law, upon request of the Designating Party, within sixty (60) days after the final disposition of this Action, including all appeals therefrom, all documents designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," all copies of documents designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," and all excerpts therefrom in the possession, custody or control of parties other than the Designating Party shall be destroyed or returned to counsel for the Designating Party. The parties and their counsel shall separately

provide written certification to the Designating Party within sixty (60) days after request has been received that the actions required by this paragraph have been completed.

15.     The Court shall retain jurisdiction over the parties and any subpoenaed third parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications and additions to this order and such other and further relief as may be necessary, and either party may apply to the Court at any time for an amendment, modification or addition to this Order. This Order may only be amended or modified by written stipulation of the parties and by order of the Court.

16.     The designation of materials as "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEYS' EYES ONLY" in no way implies that the party so designating the materials believes such materials are of any significance to this litigation. Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any party that any information or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEYS' EYES ONLY" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims either party may have against one another or a third party.

17.     Neither this Order nor any stipulation therefore shall be deemed to expand the scope of discovery in this Action beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters unrelated to this lawsuit.

18.     This Order shall not control the use of any evidence during the trial or any hearing of this case. Nor shall anything herein preclude any party or non-party from seeking the

assistance of the Court in maintaining the confidential nature of any evidence that is presented at hearing or trial.

19.     The parties producing subject to this Order agree to abide by and be bound by the terms of this Order upon signature hereof as if the Order had been entered on that date. This Order shall survive the termination of this Action and continue in full force and effect unless waived by the written consent of the producer. If any party ceases its involvement in this Action, by settlement or otherwise, such party shall comply with the terms of this Order within a reasonable time thereafter.

20.     If a party to this Order in possession of Litigation Materials receives a subpoena from a non-party seeking the production or other disclosure of Litigation Materials, whether or not such materials have been designated as Confidential, that party shall give written notice to counsel of record for the party who provided the Litigation Materials being sought, which notice shall include a copy of the subpoena, within five (5) business days of receiving such subpoena. Where possible, at least seven days' notice before production or other disclosure should be given. In no event shall production or disclosure be made before telephone notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the party to whom such notice has been given, at least three business days, to take appropriate action, including seeking judicial relief.

21.     The inadvertent or unintentional production of information or material protected by the attorney-client privilege or work product doctrine shall not be deemed a waiver in whole or in part of the Designating Party's claim of privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

22.     Except as otherwise provided herein, if a Designating Party inadvertently discloses to a Receiving Party any PROTECTED INFORMATION without designating it as PROTECTED INFORMATION, the Designating Party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the Receiving Party shall thereafter treat the document, thing, or information as PROTECTED INFORMATION under this Order. To the extent such document, thing, or information may have been disclosed to persons other than authorized persons described in this Order, the Receiving Party shall make every reasonable effort to retrieve the PROTECTED INFORMATION promptly from such persons and to limit any further disclosure to non-authorized persons.

23.     If a Designating Party inadvertently discloses to a Receiving Party information that is privileged, protected under the work-product doctrine, or otherwise immune from discovery, said Designating Party producing said information shall promptly upon discovery of such disclosure so advise the Receiving Party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. In accordance with Fed. R. Civ. P. 26(b)(5), after being notified, the Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has, must not use or disclose the information until the claim is resolved except in camera to the Court or in communications with the Designating Party's counsel only to dispute the designation as set forth below, and must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified. The Designating Party must preserve the information until the claim is resolved.

The Receiving Party may dispute the propriety of the designation by responding in writing to the Designating Party's written request within fourteen (14) days of receipt. The

Parties shall thereafter meet and confer. If they are unable to resolve their disagreement, the Designating Party shall file a motion with the Court to compel the return of the alleged PROTECTED INFORMATION in dispute, to which the Receiving Party shall be afforded a reasonable opportunity to respond. The Receiving Party may not use the fact of the inadvertent disclosure itself to argue that the material produced is not suitable for either a "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation or to argue that any privilege or protection recognized by law has been waived.

24.     If during the course of the litigation the Receiving Party believes it has come into possession of PROTECTED INFORMATION that was inadvertently produced, the Receiving Party shall promptly notify the producing Party and return the PROTECTED INFORMATION.

25.     This Order may be executed in counterparts, each of which shall be deemed to be an original and all of which shall be deemed one and the same stipulation and agreement.

26.     All persons bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity that commits such violation may be subject to such sanctions as the Court, on motion and after a hearing, deems just. The Court retains jurisdiction to make such amendments, modifications, and additions to this Order as it may from time to time deem appropriate.

27.     In the event that there is any inadvertent violation of this Order discovered by either party, both parties will take steps to immediately alert and/or correct the disclosure and any inadvertent disclosure that is timely corrected will not be considered a violation of this Order.

28.     Respectfully Submitted, BY AGREEMENT:

BONNIE DANIELL

By: */s/Alicia E. Hwang*
   Steven L. Woodrow
   Christopher L. Dore
   Alicia E. Hwang
   EDELSON LLC
   350 North LaSalle Street
   Suite 1300
   Chicago, Illinois 60654
   *Attorneys for Plaintiff*

SEMPRIS, LLC

By: */s/Brienne M. Letourneau*
   Craig C. Martin
   David Jiménez-Ekman
   Matthew R. Devine
   Brienne M. Letourneau
   Jenner & Block LLP
   353 N. Clark Street
   Chicago, Illinois 60654-3456
   *Attorneys for Defendant Sempris, LLC*

E. MISHAN & SONS, INC.

By: /s/Adam T. Peterson
   Howard B. Randell
   Adam T. Peterson
   Leahy Eisenberg & Fraenkel, LTD.
   33 W. Monroe Street, Suite 1100
   Chicago, Illinois 60603
   *Attorneys for Defendant E. MISHAN &*
   *SONS, INC., d/b/a EMSON, INC*

QUALITY RESOURCES, INC.

By: */s/Jeffrey A. Backman*
   Richard W. Epstein
   Jeffrey A. Backman
   GREENSPOON MARDER, P.A.
   200 East Broward Boulevard, Suite 1500
   Fort Lauderdale, Florida 33301
    -and-
   Timothy A. Hudson
   TABET DiVITO & ROTHSTEIN, LLC
   209 S. LaSalle Street, Suite 700
   Chicago, Illinois 60604
   *Attorneys for Defendant*
   *QUALITY RESOURCES, INC.*

**SO ORDERED.**

**ENTERED:**

**DATE:**    **June 17, 2014**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

BONNIE DANIELL, individually and on behalf
of all others similarly situated,

       *Plaintiff*,

*v.*

SEMPRIS, LLC, a Delaware limited liability
company, E. MISHAN & SONS, INC., a New
York corporation d/b/a EMSON, INC., and
QUALITY RESOURCES, INC., a Florida
corporation,

       *Defendants*.

Case No. 1:13-cv-06938

Hon. Robert W. Gettleman

Magistrate Judge Maria Valdez

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE
BOUND BY THE TERMS OF THE PROTECTIVE ORDER**

I have been requested to assist counsel in matters requiring the disclosure of certain material which I have been informed is PROTECTED INFORMATION within the terms of the Protective Order issued by the Court in the above-captioned action.

I have read and agree to be bound by the terms of the Protective Order entered in this action, and I agree not to disclose any information designated as PROTECTED INFORMATION and not to use such information other than in assisting counsel for _____. I understand that the failure to abide by the Protective Order could expose me to sanctions and punishment. I will not disclose in any manner any information that is subject to this Protective Order except in strict compliance with the provisions of the Protective Order.

I hereby agree to submit to the jurisdiction of the United States District Court for the Northern District of Illinois for enforcement of the undertakings I have made here.

_____